## Keim *against* Muhlenberg.

A legatee, who is indebted to the estate of his testator, is not entitled to re-cover his legacy, nor that which he holds by assignment in right of another legatee, so long as any part of that debt, equal to the amount of the legacies claimed, remains due and unpaid : and the assignee of such legatee can be in no better situation than the legatee himself.

ERROR to the common pleas of *Berks* county.

Henry A. Muhlenberg, assignee of Daniel Fichthorn, who was the assignee of Daniel and John Fichthorn, against Benneville Keim, executor of Andrew Fichthorn deceased, and the heirs and represen-tatives of said deceased.    Case and special verdict.

On the 20th day of October, A. D. 1822, Andrew Fichthorn died, having first made his last will and testament, which was duly proved on the 23d day of October, A. D. 1822, whereby he devised and be-queathed all his property to his children, in equal shares, to wit, John, Daniel, Charles, William, Lewis, Andrew, George, Catharine inter-married with Adam Foesig, Susan, and appointed Benneville Keim the executor in his said will.

On the 27th of September 1830, Daniel Fichthorn, son of Andrew Fichthorn, the above stated testator, assigned and transferred, for a valuable consideration, unto Daniel Fichthorn, all such sums of mo-ney, legacies, &c., which he was entitled to receive of and from Benneville Keim, the executor in his father's will, and also consti-tuted him, the said Daniel, his true and lawful attorney, to sue for and recover the said money and legacies, and to have and receive, for the consideration therein mentioned, for himself, his heirs, execu-tors, administrators and assigns, all such sums of money as the said Daniel Fichthorn should be entitled to, under the said last will and testament; which assignment and power of attorney were duly exe-cuted and acknowledged according to law.

On the 28th of August 1837, Daniel Fichthorn, the assignee and attorney of the said legatee, for the consideration therein mentioned, assigned and transferred his right to receive all such sum or sums of money, as his said principal would be entitled to receive of and from Benneville Keim, the executor as aforesaid, unto Henry A. Muhlen-berg, his heirs and assigns, with power to receive and receipt for the same in the usual form.

On the 22d of February 1831, John Fichthorn, another of the sons of the said Andrew Fichthorn deceased, in and for the consideration therein mentioned, made in the same manner and for the same pur-

[Keim v. Muhlenberg.]

poses and effect, a similar assignment and transfer of his interest in the said estate, to the same Daniel Fichthorn, who, on the aforesaid 28th of August 1837, also assigned John's share, part interest in the estate of Andrew Fichthorn deceased, to Henry A. Muhlenberg.

To January term 1834, No. 18, an action of covenant was instituted in the court of common pleas of Berks county, by the said Benneville Keim, executor of the said Andrew Fichthorn deceased, against Daniel Fichthorn (to whom and by whom the above stated assignments and transfers were made) and George Boyer, to recover the amount of nine several bonds, executed by George Kershner to George Shertle, assigned by Shertle to Fichthorn and Boyer, the parties in the suit, and assigned by them, with their guarantee, to the said Andrew Fichthorn, Jun.

This suit was arbitrated, and a report found in favour of the plaintiff, September 24, 1834, for 2556 dollars 21 cents.

From this award George Boyer appealed.   Daniel Fichthorn abided by the finding.

At August term 1837, the 14th of August, the cause was tried in the court of common pleas, and a verdict rendered against George Boyer, and in favour of the plaintiff, for 3425 dollars 36 cents.

George Boyer's property having been sold by the sheriff, the amount of the above stated award, with interest, was adjudged by the court to Benneville Keim, the plaintiff in the said suit, amounting to 2997 dollars 12 cents, being the balance of the said proceeds which remained after payment of prior liens.

The question on this statement of facts for the decision of the court is, whether the assignee of the shares of Daniel and John Fichthorn is entitled to a *pro rata* distribution of the sum of 2997 dollars 12 cents, with the other legatees of the said Andrew Fichthorn deceased, or whether the assignee of the shares of the said Daniel and John is to be postponed until the other seven legatees shall have first received their respective and full portions of the amount of the verdict, to wit, 3426 dollars 36 cents.

If the opinion of the court should be in favour of the former, judgment to be entered for the plaintiff.   If their opinion be in favour of the latter, then judgment to be entered for the defendants.   Either party may sue out a writ of error.

April 1838, the court gave judgment in favour of the plaintiff.

Assignment of errors.

The court erred in rendering judgment for the plaintiff: they should have given judgment for the defendant.

*Hoffman* and *Greenough*, for plaintiff in error, cited, 17 *Serg. & Rawle* 400 ; 8 *Serg. & Rawle* 34 ; 4 *Watts* 74 ; 7 *Serg. & Rawle* 357 ; 3 *Wend.* 331.

*Filbert*, for defendant in error, cited, 5 *Watts* 159 ; 4 *Watts* 75.

[Keim v. Muhlenberg.]

The opinion of the Court was delivered by

KENNEDY, J.—Henry A. Muhlenberg, claiming as the assignee of Daniel Fichthorn, who claimed as the assignee of Daniel Fichthorn and John Fichthorn, two of the children and legatees of Andrew Fitchthorn deceased, their respective legacies bequeathed to them by their father, and assigned the same to Muhlenberg, cannot be considered as in any better situation, or having a right to recover any thing by virtue of the assignment to him, which his immediate assignor would not be entitled to, had he not made the assignment under which Muhlenberg claims. The claim of the latter is liable to all the objections which might be fairly made against his assignor had he retained it, and were now the party here asserting a right to recover the same. It would be against every principle of equity, as well as the common sense of justice among mankind, to permit Daniel Fichthorn, the immediate assignor of Mr Muhlenberg, to draw money from the estate of Andrew Fichthorn to the prejudice of the other legatees, who still retain their rights under the will, while he owes to the estate or fund out of which the legacies are to be paid, a sum of money equal in amount to all he would be entitled to receive, were he to pay all owing by him. From the case stated, it appears that when he held the claims against the estate of the testator, under the assignments made to him, he was, and still continues, indebted to the estate. The amount of his indebtedness was afterwards ascertained, by a judicial determination thereof, on the 24th of September, to be 2556 dollars and 21 cents. This sum he was bound, and ought to have paid: had he done so, each legatee would have been entitled, and would have received an equal proportion of it under the will of the testator. In this respect, it is evident, his delinquency has been an injury to those legatees who had not assigned their legacies to him. Then to permit him or his assignee to draw from the legacy fund, as long as he is indebted to it, would be inequitable and unjust, and a continuation of the injury arising from his delinquency to the other legatees. But it is contended that this debt has been paid by George Boyer, the co-covenantor of Daniel Fichthorn, the assignee of John and Daniel. It is true that from a judicial sale of Boyer's estate, which was bound for the payment of it, an amount, about equal to it, has been raised and remains in the court below for distribution; but it would be neither equitable nor just to appropriate the money made out of the sale of Boyer's estate, in the first place, to the discharge of the debt or money which Daniel Fichthorn derived an equal benefit from, with Boyer himself, and was therefore equally bound in equity as well as law, to pay to the estate of the testator. Boyer was bound, himself alone, to pay a certain sum of money, over and above that for which he was equally bound with Daniel Fichthorn. He was bound to pay, in all, 3425 dollars and 36 cents, with interest thereon from August 1837, of which Daniel Fichthorn was only bound to pay 2556 dollars and 21 cents, with interest thereon from the 24th of September 1834. The

VII.—H·

amount of money in court, raised from the sale of Boyer's property, is 2997 dollars and 12 cents, a sum about equal to, or perhaps a little more, than the 2556 dollars and 21 cents with its interest, for which judgment was had against Daniel Fichthorn; but the difference between this last sum and the 3425 dollars and 36 cents with its interest, which Boyer was condemned to pay, must be paid first out of the money arising from the sale of his estate; because it is money which he alone was liable for, and is bound to pay. The justice of this prior appropriation is so perfectly obvious, as respects all concerned, that it cannot possibly be denied; for the residue of the money in court, being more than sufficient to meet the payment of one half of the amount of the judgment against Daniel Fichthorn, it is clear that that is the utmost farthing which he has any right to claim that Boyer shall pay of it, and hence it is clear that he cannot object to this prior appropriation: and as regards the legatees, who still retain their claims under the will, it would be doing injustice to them, not to make this prior appropriation of so much of the money raised from the sale of Boyer's property, as will satisfy the difference between the amounts of the respective judgments obtained against him and Daniel Fichthorn: and it being fair to make it, as well in respect to these legatees as to Daniel Fichthorn himself, it cannot be otherwise than just as it affects Boyer and his rights, who ought not to be compelled to pay beyond what is sufficient to satisfy his legal obligation in an equitable point of view. It is then only after satisfying the difference between the two judgments against Daniel Fichthorn and Boyer respectively, that any of the money arising from the sale of the property of the latter, can be appropriated to pay any portion of the judgment against Daniel Fichthorn. Daniel Fichthorn and Boyer, however, having participated equally in the benefit derived from the original consideration of this judgment, as must be presumed from the case before us, are as between themselves bound each to pay one half of it: and under this aspect of the case, it appears to me, that only one *half* of it ought to be paid out of the money raised from the sale of Boyer's property, after paying the difference in amount between the two judgments: unless it be that paying only one half of it would not be sufficient to satisfy the claims of the other legatees in full, after deducting the amount of the two assigned to Daniel Fichthorn, from the whole aggregate of the legacy fund, in the same manner as if the 3425 dollars and 36 cents, recovered against Boyer, were fully paid. This all appears to be self evident; for it is impossible to avoid discovering, at the first glance, that it would be unjust and inequitable to permit Daniel Fichthorn to recover money from the legacy fund, when he is indebted to it in a sum equal to or greater than that which he claims to recover; and that he should not be allowed to require Boyer to pay money to the legacy fund, while, as between them, he ought in equity to pay it himself, merely that he may get hold of and use it, and turn Boyer round to his suit at law to recover

[Keim v. Muhlenberg.]

it back as he can, is, as would seem, equally self evident. This doctrine is not only in accordance with the principles of equity and natural justice, but with the policy of the common law, which is opposed to whatever would unnecessarily lead to circuity of action. Mr Muhlenberg being the assignee of Daniel Fichthorn, and claiming through him, cannot be considered as standing upon a better footing than his assignor. He took the assignment from Daniel Fichthorn subject to every objection, whether equitable or legal, that might have been interposed to the latter's claiming the legacies in question, at the time. The latter then being indebted to the estate of the testator, or the legacy fund, 2556 dollars and 21 cents, when he first purchased and obtained from John and Daniel Fichthorn their rights respectively to the legacies bequeathed to them by their father in his will, could not object to the other legatees claiming to be paid the whole amount of their legacies, exclusively out of the moneys on hand belonging to the legacy fund, so as to leave Daniel Fichthorn, the assignee, to be paid, or to take the legacies coming to him under the assignments, out of the debt which he owed to the estate or legacy fund. As long as he actually failed or neglected to pay the debt, owing by him, in money, they undoubtedly had a right to insist upon setting the one off against the other, so as to produce a mutual liquidation thereof.

We are therefore of opinion that Daniel Fichthorn, the assignee of the shares or legacies of Daniel and John Fichthorn, must be postponed until the other seven legatees shall have first received their respective and full portions of the 3425 dollars and 36 cents, the amount of the recovery against George Boyer.

The judgment of the court below is reversed, and judgment rendered by this court in favour of the plaintiffs in error, who were the defendants below, according to the provision contained in the close of the case stated.

Judgment reversed.